**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ACTIVE DISPOSAL, INC., et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 09 C 2930** |
| | ) | |
| **CITY OF DARIEN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In their first amended complaint in this case, the plaintiffs asserted federal and

state claims concerning ordinances passed by the defendant municipalities that granted

exclusive waste-hauling contracts to companies other than the plaintiffs. Plaintiffs

alleged that the ordinances violate the Contract and Due Process clauses of the United

States Constitution and section 2 of the Sherman Act. They also asserted several state

law claims.

On March 31, 2010, the Court ruled that plaintiffs' complaint failed to state any

viable federal claim and dismissed the remaining state law claims for lack of subject

matter jurisdiction. *Active Disposal, Inc. v. City of Darien*, No. 09 C 2930, 2010 WL

1416461 (N.D. Ill. Mar. 31, 2010). Familiarity with that decision is assumed.

In the March 31 ruling, the Court stated that it would enter final judgment unless

plaintiffs filed a proposed amended complaint that stated a valid federal claim. *See id.*

at *7. Plaintiffs have now filed a proposed second amended complaint. It includes

1

claims under the Contract Clause, Due Process clause, Sherman Act, and Illinois state law that are virtually identical to the claims the Court previously dismissed. The proposed second amended complaint also adds a new federal claim alleging that the challenged ordinances violate the Commerce Clause of the United States Constitution.

In its ruling dismissing the Contract Clause claim in the first amended complaint, the Court concluded that the plaintiffs had failed to identify any contract of "any plaintiff that existed at the time any of the defendant municipalities' ordinances were passed and was thereby impaired," and therefore had not alleged facts sufficient to support a Contract clause claim. *Id.* at *2.

The second amended complaint does not contain any additional factual allegations that remedy this deficiency. Count 1 of the second amended complaint is identical to the Contract Clause claim in the first amended complaint, and the background section makes only minor word changes to the allegations supporting the Contract Clause claim. Second Am. Compl. ¶¶ 63-72*, 57.

With their brief, plaintiffs have provided "a copy of one of the written contracts entered into by one of the Hauler-Plaintiffs and one of the Customer-Plaintiffs," which they contend addresses the deficiency in the previous version of the Contract Clause claim. Pls.' Mem. at 3. The attachment is a single page document purporting to be a contract between hauler plaintiff K. Hoving and customer plaintiff Nicholas & Associates, a company located in Mount Prospect, one of the defendant municipalities. *Id.*, Ex. A. The document does not include any information about terms, schedule of service, or rates. All it says is that "Nicholas & Associates contracts with K. Hoving to be the exclusive construction & demolition waste recycler for the state of Illinois." *Id.*

2

The document is dated January 1, 2008, but it makes no mention of when the service was scheduled to begin, how long it was to last, or how much K. Hoving was to be paid.

The document is insufficient to correct the factual deficiencies that persist in plaintiffs' Contract Clause claim. It does not contain the kind of factual information one would expect from a contract, such as pricing information or the terms of service. Further, neither the second amended complaint nor plaintiffs' brief mentions when Mt. Prospect passed its allegedly illegal ordinance. Thus even if the document is a valid contract, it provides no basis for a contention that K. Hoving had an existing contract that was impaired by the passage of Mount Prospect ordinance. The Court therefore adopts and reaffirms its analysis regarding the motion to dismiss the prior version of the Contract Clause claim and concludes that the current version likewise fails to state a claim.

Plaintiffs also assert a new federal claim alleging that the challenged ordinances violate the so-called "dormant" Commerce Clause of the United States Constitution. They allege that recyclable materials have a market value and that due to the challenged ordinances, some recyclable material is being deposited in landfills, thus removing it from the national stream of commerce. This, they contend, constitutes an impermissible burden on interstate commerce in violation of the Commerce Clause.

The challenged ordinances do not, however, require or encourage taking recyclables to landfills rather than recycling them. Further, plaintiffs do not allege that the same would not happen in the absence of the ordinances. In short, there is no basis for a reasonable inference that the effect about which plaintiffs complain was in any way caused by the adoption of the ordinances at issue.

3

Furthermore, in a recent case, *United Haulers Ass'n v. Oneida-Herkimer Solid Waste Mgmt Auth.*, 550 U.S. 330, 345-47 (2007), the Supreme Court rejected a similar "stream of commerce" argument.  In *United Haulers*,  plaintiffs alleged that county ordinances requiring waste generated in the county to be deposited in county waste disposal facilities "removed the waste generated in [the counties] from the national marketplace for waste processing services."  *Id*. at 346.  The Court determined that the ordinances did not directly favor in-state business over out-of-state competition (which would make them almost certainly invalid) but were instead appropriately evaluated under the test set forth in *Pike v. Bruce Church Inc.*, 397 U.S. 137, 142 (1970).  Under the *Pike* test, when a law regulates even-handedly to effectuate a legitimate local public interest, and its effects on interstate commerce are only incidental, "it will be upheld unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits."  *Id*.  The Court held that because "waste disposal is both typically and traditionally a local government function," the ordinances served a legitimate public purpose.  *United Haulers*, 550 U.S. at 345.  The Court then rejected the plaintiffs' "stream of commerce" argument, finding that "any arguable burden does not exceed the public benefits of the ordinances."  *Id.* at 346.

This case likewise involves a challenge to ordinances concerning the traditionally local field of waste disposal.  Though there may be a national market for recyclable materials, and though the challenged ordinances may remove some of those materials from that marketplace, any resulting burden on interstate commerce would be incidental and does not exceed the public benefits of allowing local municipalities to regulate

waste hauling. The Court therefore concludes that the new Commerce Clause claim fails to state a viable claim for relief.

The second amended complaint makes no change to plaintiffs' claims under the Substantive Due Process clause or the Sherman Act, so there is no reason for the Court to revisit its previous ruling on those claims.

## Conclusion

For the foregoing reasons, plaintiffs' proposed second amended complaint fails to remedy the deficiencies in plaintiffs' federal claims. For this reason, and consistent with the Court's March 31, 2010 decision, the Court directs the Clerk to enter judgment in dismissing Counts 1, 4, 5, and 6 of the second amended complaint with prejudice and dismissing Counts 2 and 3 for lack of federal subject matter jurisdiction. The status hearing / ruling date of June 23, 2010 is vacated.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: June 23, 2010